# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**APRIL BROYLES,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0243** (BOR Appeal No. 2053442)
             (Claim No. 2016026273)

**UNITED TECHNOLOGIES CORPORATION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner April Broyles, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). United Technologies Corporation, by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is whether Ms. Broyles is entitled to the requested medical treatment. The claims administrator denied her request for left carpal tunnel release and Guyon canal release in an Order dated October 9, 2017. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision of the claims administrator on September 6, 2018. This appeal arises from the Board of Review's Final Order dated February 21, 2019, in which the Board of Review affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 18, 2016, Ms. Broyles was lifting a table when it slipped and fell on her left hand causing swelling and bruising. The initial treatment was provided by MedExpress Urgent Care, and examination showed swelling, tenderness and limited range of motion, X-rays showed normal bony structures with no evidence of fracture or dislocation. The assessment was left hand contusion. Ms. Broyles was advised to take pain medication as needed. She was provided with modified work duty restrictions of no pushing/pulling, reaching, fine manipulation, overhead reaching, lifting, or carrying, with an expectation to return to full duty work on April 25, 2016.

1

The assessment was revised to include unspecified fracture of the fourth metacarpal bone of the left hand.

On December 12, 2016, Ms. Broyles saw A. E. Landis, M.D., an orthopedic surgeon, for a consultation to evaluate and comment on the need for ongoing treatment in reference to the occupational injury in question. Dr. Landis reviewed the history in detail and performed a physical examination. He observed that Ms. Broyles did not appear to be in great pain in the left wrist because she was able to move her hand and wrist in demonstrating the various problems she described. Dr. Landis noted there was diffuse tenderness basically in every area palpated about the wrist and palm. Grip was decreased as was clinched fist with breakaway weakness. There were no sensory changes and no atrophy. Dr. Landis took x-rays of the left hand and wrist, which were normal. Dr. Landis recommended a left hand and wrist MRI to rule out any significant pathology or evidence of bone disease. On December 22, 2016, Dr. Landis requested physical therapy and an MRI of the left wrist.

On January 4, 2017, Ms. Broyles underwent an MRI at Community Radiology. The radiologist characterized the films as significantly degraded due to excessive patient motion. He saw no acute fracture or subluxation, no significant arthritic changes, and a small wrist effusion. The triangular fibrocartilage was not well-assessed due to excessive motion. There was no evidence of tenosynovitis, tendon degeneration, or tear. There was a suggestion of slightly increased T2 signal within the median nerve.

Ms. Broyles continued to treat with Dr. Landis following her MRI. On January 16, 2017, Dr. Landis reported a clinical impression of left wrist contusion/sprain with tendinitis, rule out distal radial ulnar joint pathology. On March 6, 2017, Dr. Landis reported that tests were negative for any significant pathology in the wrist. Although, he did state that she has symptoms related to distal radial ulnar joint pathology in the fibrocartilage complex. On April 17, 2017, Dr. Landis reported that Ms. Broyles's subjective complaints are not substantiated by any objective findings. Dr. Landis recommended that she see a hand surgeon because he had nothing more to offer her.

In an independent medical evaluation report dated June 5, 2017, Joseph Grady, M.D., reported that Ms. Broyles's symptoms were actually more suggestive of an internal derangement of the wrist. He could not exclude the possibility that there may be some torn cartilage in the wrist, since that area was not well assessed on the MRI that was performed in January. Dr. Grady did not believe that Ms. Broyles had reached her maximum degree of medical improvement. He believed that further investigation would be warranted for the left hand and wrist area. Dr. Grady recommended a repeat MRI and a referral to a hand specialist. On June 27, 2017, the claims administrator authorized the referral to a hand surgeon for additional evaluation.

On July 18, 2017, Ms. Broyles was examined by Syed A. Zahir, M.D., a hand specialist, due to continued pain and numbness in her left hand. Dr. Zahir reviewed the EMG study and found several changes in the ulnar nerve distribution. He found weakness with abduction of the left little finger and sensation to pinprick in the distribution of the ulnar nerve and some in the median nerve. An administered Phalen test was positive in the left hand and a positive Tinel sign of the median nerve of the left wrist was found. Dr. Zahir's clinical impression was post-traumatic left wrist

2

injury with post-traumatic carpal tunnel syndrome, left wrist ulnar tunnel syndrome with weakness of the intrinsic muscles of the left hand, and right wrist carpal tunnel syndrome. Dr. Zahir recommended exploratory surgery. On August 11, 2017, Dr. Zahir requested left carpal tunnel release and left Guyon canal release.

Peer Clinical Review reports of Thomas Muzzonigro, M.D., dated August 2, 2017, determined that authorization should not be given for the requested procedures. Authorization was not recommended because Dr. Muzzonigro found it concerning that during an examination on June 1, 2017, Ms. Broyles's grip strength measured 10-11 kg of force in all five positions on the odynometer, indicating invalid effort, which could potentially indicate malingering which would render her a poor candidate for surgery. During the Peer Clinical Review, Dr. Muzzonigro had a peer-to-peer call with Dr. Zahir. Dr. Zahir was informed of the decision not to certify the outpatient procedures. It was indicated that Dr. Zahir agreed with the determination not to certify either requested procedure. An HDI Utilization Review Determination report dated August 2, 2017, affirmed the Peer Clinical Review reports, which found that the request for carpal tunnel release and Guyon canal release should not be authorized.

An HDI Utilization Review report of Melinda Schalow Garcia, M.D., dated October 4, 2017, found that authorization for the procedures should not be given. In doing so, Dr. Garcia found that the clinical documentation did not provide electrophysiological evidence of carpal tunnel syndrome or a rationale for Guyon canal release. On October 9, 2017, the claims administrator denied the request for left carpal tunnel release and left Guyon canal release based upon the HDI Utilization Review. Ms. Broyles protested the claims administrator's decision.

On February 27, 2018, Ms. Broyles's testimony was taken by deposition. She testified that following her injury, her hand stays numb. She stated that she can hardly lift anything, and she is not able to do anything. She described her treatment and testified that she experiences swelling and numbness. She testified that Dr. Zahir recommended surgery, but she does not understand why the request keeps getting denied.

By decision dated September 6, 2018, the Office of Judges affirmed the claims administrator's Order denying the request for left carpal tunnel release and Guyon canal release. The Office of Judges found that the evidence indicates that the only compensable conditions in the claim are left hand contusion and fracture of a metacarpal. Although Dr. Zahir requested left carpal tunnel release surgery and Guyon canal release surgery, the Office of Judges reasoned that the procedures were properly denied because they were to address non-compensable conditions in the claim. The Office of Judges also found that several physicians of record did not find anything to warrant orthopedic operative intervention. On February 21, 2019, the Board of Review adopted the findings of facts and conclusions of law of the Office of Judges and affirmed the September 6, 2018, Order of the Office of Judges.

After review, we agree with the decision of the Office of Judges, as affirmed by the Board of Review. Although Dr. Zahir recommends the surgical treatment on the grounds of carpal tunnel syndrome or Guyon canal syndrome, those conditions have not been approved in this claim. The

claims administrator's Order of October 9, 2017, to deny the request for authorization for left carpal tunnel surgery and left Guyon canal surgery is supported by the medical evidence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**
Justice Margaret L. Workman